**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM N. DAVIS, | ) | CASE NO. 1:12CV2242 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| CHRISTOPHER LAROSE, Warden, | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner William N. Davis' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and denies Petitioner's Petition.

**FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

During the May 2007 term, the Grand Jury of the State of Ohio, Cuyahoga County, returned a 31 count Indictment of Rape and Gross Sexual Imposition against Petitioner. On February 21, 2008, a jury was impaneled and sworn with no alternates.  After one juror disclosed that she had been the victim of an alleged assault the night before, the entire jury was dismissed and the Court declared a mistrial.  A second jury was impaneled on March 3, 2008, and the trial proceeded.  When the state rested its case, the court dismissed eight Rape counts charged in the Indictment.  The State of Ohio moved to amend one Count to Gross Sexual Imposition, a lesser included offense of the original charge of Rape.  The motion was unopposed and granted.  On March 7, 2008, the jury returned a verdict of guilty on 23 counts.  On March 12, 2008, the court imposed a sentence that included life in prison on six of the counts, with Post Release Control for five years.  Petitioner was registered as a Tier II Sex Offender.

On April 22, 2008, Petitioner filed a Notice of Appeal.  On February 19, 2009, the Court of Appeals of Ohio, Eighth District, *sua sponte*, remanded the case for disposition of the Sexually Violent Predator Specifications contained within some of the counts, for compliance with *State v. Baker*, 119 Ohio St. 3d 197, 2008-Ohio-3330, 897 N. E. 2d 163 (2008).  Upon remand, the trial court issued a corrected sentencing entry on March 3, 2009.  Following re-sentencing, the case was returned to the Court of Appeals.

The appellate court then *sua sponte*, raised the issue of whether Petitioner's wife chose to voluntarily testify for the State at trial.  Finding no record that the trial court advised her of a spousal privilege, the Court of Appeals determined plain error existed and reversed Petitioner's convictions and remanded the case for a new trial. The State filed an Application for Reconsideration under Ohio App.R. 26(A), or in the alternative, Motion to

Certify Conflict for the Ohio Supreme Court. Petitioner filed a Brief in Opposition. On November 17, 2009, the Court of Appeals denied the State's Motion for Reconsideration. The State filed a timely Notice of Appeal to the Ohio Supreme Court.

On December 11, 2009, Petitioner filed a Notice of Cross-Appeal. The State filed a response. On March 3, 2010, the Ohio Supreme Court accepted the State's Appeal, but denied leave and dismissed the Cross-Appeal as not involving any substantial constitutional question. On November 30, 2010, the Ohio Supreme Court found that the Eighth District Court of Appeals failed to conduct a plain-error analysis with regard to the admission of spousal testimony at trial before reversing Petitioner's convictions. Accordingly, the judgment of the Court of Appeals was reversed and the case remanded to the Court of Appeals.

The Court of Appeals conducted a plain error analysis as instructed by the Ohio Supreme Court. The Court of Appeals affirmed the trial court's judgment of convictions on May 19, 2011. On May 27, 2011, Petitioner filed an Application for Reconsideration, which the State opposed. On June 9, 2011, the Court of Appeals denied the Motion for Reconsideration. Petitioner timely appealed to the Ohio Supreme Court. On October 5, 2011, the Ohio Supreme Court denied leave to appeal and dismissed the Appeal because it did not involve any substantial constitutional question.

In the Petition for Writ of Habeas Corpus filed in this Court on September 4, 2012, Petitioner asserted the sole claim:

> The Cuyahoga County, Ohio Court of Appeals unreasonably applied *Strickland v. Washington*, 466 U. S. 668 (1984) when it turned the *Strickland* reasonable probability test into a test of [factual] sufficiency.
>
> Supporting Facts: In Petitioner's case, even with Ms. Davis' testimony, sufficient

3

evidence would have still existed to convict Petitioner. However, in many instances, when the State puts forth sufficient evidence, the jury still does not convict the defendant. And that's because the jury's role is to judge the credibility of the witnesses. In Petitioner's case, Ms. Davis' testimony prejudicially bolstered the victims' testimony, thereby creating a reasonable probability that had counsel objected, and the jury not heard Ms. Davis' testimony, the outcome of Petitioner's trial would have been different.

On September 5, 2012, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued her Report and Recommendation on April 1, 2013. On April 10, 2013, Petitioner filed Objections to the Magistrate Judge's Report and Recommendation.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary.

4

*McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

In his Petition, Petitioner asserts that the outcome of his trial would have been different if his attorney would have objected to his wife's testimony. Petitioner further asserts that the Court of Appeals misapplied *Strickland* regarding his attorney's failure to object.

Under the *Strickland* standard, a petitioner must show deficient performance and resulting prejudice to prove ineffective assistance of counsel. *Durr v. Mitchell*, 487 F.3d 423, 435 (6th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness, however, there is a strong presumption that counsel's performance was professionally reasonable. *Id.* (*citing Strickland*, at 688-89). Prejudice requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A petitioner must do more than show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance. *Id*. He must show that the state court of appeals applied *Strickland* to the facts of his case in an "objectively unreasonable manner." *Id. (citing Bell v. Cone, 535 U.S. 685, 698-99 (2002)).*

In his Petition, and again in his Objections to the Magistrate Judge's Report and

5

Recommendation, Petitioner states that even without his wife's testimony, sufficient evidence would have still existed to convict Petitioner. However, Petitioner asserts that his wife's testimony bolstered the victims' testimony and therefore, it created a reasonable probability that the outcome may have been different if counsel had objected. The Magistrate Judge points out that the Supreme Court of Ohio directed the Court of Appeals to determine if Petitioner was prejudiced by ineffective assistance of counsel.

The Magistrate Judge determined that the Court of Appeals addressed the issue of whether counsel's performance fell below an objective standard of reasonableness, linking counsel's performance under prevailing norms of the practice or sound strategy. Additionally, the Court of Appeals considered whether Petitioner was denied a fair trial because of counsel's incompetence. In its findings, the Court of Appeals held that the result of Petitioner's trial would have been the same regardless of counsel's failure to object. The Magistrate Judge correctly determined that the Court of Appeals' considerations were neither contrary to, nor did they constitute an unreasonable application of, *Strickland.*

The Magistrate Judge thoroughly examined Petitioner's claim that he received ineffective assistance in trial court when counsel failed to object to the admissibility of his wife's testimony, by outlining six bases on which to deny Petitioner's claim on the merits: first, counsel's decision to refrain from objecting was perhaps a tactical decision; second, the trial court, not counsel, was responsible for instructing his wife as to spousal competency and then making a formal finding that she voluntarily chose to testify; third, there is no evidence that his wife refused to testify or that she was coerced

6

into testifying; fourth, there is no evidence that Petitioner asserted the spousal privilege; fifth, Petitioner fails to make a sufficient showing that the identified omission was outside the wide range of competent assistance, nor has Petitioner identified a clear and unequivocal rule of law that was violated when counsel failed to object to the admissibility of his wife's testimony; and sixth, Petitioner was required to show that counsel's failure to object had some conceivable effect on the outcome of the proceeding.

The Court agrees with the Magistrate Judge's determination that Petitioner's claim of ineffective assistance of counsel is not a basis for granting Petitioner habeas corpus relief.  The Court finds that Petitioner has not met his burden demonstrating the state court adjudication of that claim was procedurally inadequate.  Furthermore, Petitioner has failed to demonstrate his counsel's representation was objectively unreasonable and prejudiced Petitioner.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments.   The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:4/16/2013

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge